```
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TENNESSEE
                              AT KNOXVILLE
```

JANICE G. THORNTON,                )
    Plaintiff,                         )
                                             )
v.                                            )          No.  3:09-CV-329
                                             )          (Phillips)
PHILPOT RELOCATION SYSTEMS, et al.,   )
    Defendants.                      )


## AMENDED MEMORANDUM AND ORDER


This Amended Memorandum and Order is being filed to correct a typographical error, and supersedes the Memorandum and Order entered August 16, 2010 [Doc. 29].

Defendant Atlas Van Lines, Inc., a moving company, entered into a contract with plaintiff to transport household goods and furniture from Flowery Branch, Georgia to Knoxville, Tennessee.  The goods were first delivered to a storage facility in Tucker, Georgia, and ultimately delivered to a residence in Tennessee in September 2005.  Plaintiff alleges that defendants allowed the goods to become damaged or destroyed in transit. This matter is before the court on various motions filed by the parties: (1) defendant Atlas Van Lines' motion to dismiss and/or for summary judgment [Doc. 10]; (2) plaintiff's motion to amend complaint [Doc. 16]; and (3) defendant's motion to strike plaintiff's supplemental response to the motion to dismiss and/or for summary judgment [Doc. 19].

## I. Background

In 1998, plaintiff and her husband relocated their business from Georgia to Knoxville, Tennessee. In 1999, plaintiff contracted with defendant Philpot Relocation and its affiliates, to handle both the moving and the interim storage of her household goods. The household goods remained in storage for several years. On or about August 12, 2005, plaintiff requested that defendant Atlas Van Lines transport her household goods from storage in Tucker, Georgia to Knoxville, Tennessee. Atlas picked up plaintiff's household goods for transportation from Georgia to Tennessee, pursuant to Atlas' Uniform Household Goods Bill of Lading, which was issued on or about September 19, 2005.

When the household goods were delivered to plaintiff's residence, she discovered that nearly all her household goods had been damaged. Many items displayed water and mildew damage, indicating that they had been placed or stored in standing water. Other items had been damaged as a result of rough handling. Plaintiff estimates that the replacement value of items that cannot reasonably be repaired and restored is in an amount of "not less than $150,000." Plaintiff avers that the household goods were in good condition at the time they were placed with the defendants. Plaintiff further avers that defendants failed to use reasonable care in the storage and delivery of her household goods.

Plaintiff submitted a damage claim form to defendants on June 20, 2006. On or about March 20, 2007, Atlas gave written notice that it denied liability for a part of plaintiff's claim. Counsel for plaintiff acknowledged receipt of the March 20, 2007 denial

letter, and responded with letters dated April 13, and May 17, 2007. On or about May 25, 2007, Atlas reaffirmed its March 20, 2007 denial of a part of plaintiff's claim. Plaintiff brought the instant action against defendants on June 26, 2009, alleging breach of contract, bailment, and breach of warranty under state law.

## II. Motion to Amend Complaint

When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend the complaint. *See Ellison v. Ford Motor Co.,*, 847 F.2d 297, 300-01 (6th Cir. 1988). Plaintiff's original complaint alleges state common law claims of breach of contract, bailment, and breach of warranty. Plaintiff has moved to amend her complaint to add a claim for loss or injury to her household goods under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

Defendant Atlas opposes plaintiff's motion to amend stating that the proposed amended complaint does not comply with the requirements of pleading a cause of action under the Carmack Amendment.

Rule 15(a), Federal Rules of Civil Procedure, permits amendments to pleadings at any time during the litigation, and leave shall be freely given "when justice so requires." However, a court must balance harm to the moving party if she is not permitted to amend against prejudice caused to the other party if leave to amend is granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). A court may deny leave to amend in some

circumstances, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of the allowance of the amendment and futility of the amendment." *Id.*

Here, there does not appear to be undue delay in the filing or giving notice of plaintiff's motion. The trial of this case has been set for August 23, 2011, and the parties indicate that they have undertaken little or no discovery to date. Moreover, plaintiff's motion is timely under the scheduling order entered in this case, which requires all motions for leave to amend pleadings to be filed six months before trial. The court finds plaintiff's motion to amend timely.

Second, there is no indication in the record that plaintiff is acting in bad faith in bringing the motion to amend. Plaintiff filed her motion following Atlas' motion to dismiss alleging that the Carmack Amendment governs the claims alleged in her complaint. Third, there has been no repeated failures to cure pleading deficiencies by amendment and it appears that the amendment may be required in order for the proper resolution of this case on its merits. Fourth, it does not appear that the defendants will be unduly prejudiced by the amendment. The trial of this matter is scheduled for August 23, 2011, allowing ample time for the parties to conduct any necessary discovery.

This leaves only the question of whether the proffered amendment is futile. A motion for leave to amend may be denied for futility "if the court concludes that the

pleading as amended cannot withstand a motion to dismiss." *Midkiff v. Adams Co. Regional Water District,* 409 F.3d 758, 767 (6th Cir. 2005). A motion to dismiss should not be granted unless taking all well-pleaded allegations as true and construing them in the light most favorable to the non-moving party, there are not sufficient facts to make out all material elements of the claims. *Trezbuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

To make a cognizable claim pursuant to the Carmack Amendment, a shipper must establish the following (1) the delivery of goods to the carrier in good condition, (2) the arrival of goods in damaged condition, and (3) the amount of damages measured by actual loss. *Great West Cas. co. v. Flandrich,* 605 F.Supp2d 955, 966 (S.D.Ohio 2009) (citing *Missouri Pacific R.R. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964)). Here, plaintiff's original complaint, as amended, states that plaintiff delivered her household goods to defendants for shipment first from her residence in Georgia, to storage in Georgia, then to her residence in Tennessee. The complaint goes on to state that the household goods were in good condition at the time they were placed with defendants, but when plaintiff received her household goods and inspected them, "hardly a single item . . . had not been damaged. Many of the items have been destroyed." The complaint further alleges that the damaged items included very expensive antiques and designer furniture, and that the amount of loss is "not less than $150,000."

Based on the allegations of the original complaint, as amended, the court finds that plaintiff has sufficiently pleaded a claim for damages to her household goods

under the Carmack Amendment. Accordingly, plaintiff's motion to amend complaint [Doc. 16] is **GRANTED.** In accordance with Local Rule 15.1, plaintiff shall file her amended complaint in its entirety within ten (10) days of the entry of this order. The original complaint, as amended, is now the operative complaint for all purposes.

### III. Motion to Dismiss and/or for Summary Judgment

Defendant Atlas Van Lines has moved to dismiss the complaint against it on the grounds that plaintiff's state and common law claims are preempted by the Carmack Amendment, and that plaintiff failed to commence her action prior to the two year and one day contractual limitation period for bringing a cause of action against Atlas.

Plaintiff responds that there were two separate and distinguishable moves of the household goods, separated timewise by six years. The first move was from plaintiff's residence in Georgia to the Atlas storage facility in Georgia. Plaintiff argues that move may not be subject to the Interstate Commerce Act and the Carmack Amendment if viewed as a separate move controlled by contract paperwork separate from the second move. Plaintiff states that it was her intention to ultimately accomplish a relocation of the household goods from Georgia to Tennessee. Moreover, defendants treated the transactions as separate relying on separate contractual paperwork. Therefore, if the move from the Georgia residence to the storage facility in Georgia is treated as a separate transaction, then any damages incurred in that movement and the related storage would not be preempted. In addition, plaintiff argues that the Carmack Amendment does not contain a statute of limitations. To the extent that Atlas is relying on its bill of lading to

establish a statute of limitations, plaintiff points out that the bill of lading bears a handwritten notation that "customer would not sign." Plaintiff further argues that because she did not sign the bill of lading, she never agreed to any contract with Atlas which limited her right to sue for damages to the period of two years and one day asserted by Atlas.

Atlas has moved for dismissal of plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 56, Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

If, in a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki v. IBM*, 607 F.3d 1102, 1104 (6th Cir. 2010). Here, the parties have submitted matters outside the pleadings in support of their positions. Consequently, the court will consider the parties' arguments under Rule 56(c), which provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

## A. Camack Amendment Preemption

Atlas contends that plaintiff's state law claims are preempted as a matter of law by operation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. In a uniform line of cases, the Sixth Circuit has held that the Carmack Amendment to the Interstate Commerce Act is broad in its preemptive effect on state tort claims arising out of the transportation and delivery of goods. *Toledo Ticket Co. v. Roadway Exp., Inc.,* 133 F.3d 439, 441 (6th Cir. 1998); *W.D. Lawson & Co. v. Penn Central Co.,* 456 F.2d 419, 421 (6th Cir. 1972); *American Synthetic Rubber Corp. v. Louisville & N.R. Co.,* 422 F.2d 462, 465 (6th Cir. 1970). The Carmack Amendment provides the exclusive means for a shipper to recover for any damages to delivered goods or for negligent performance by a carrier. *Id.* The United States Supreme Court has explained in detail the history and rationale behind the Carmack Amendment, holding that it is the express intent of Congress to provide nationwide uniformity to carrier liability. *Adams Express Co. v. Croninger,* 226 U.S. 491, 503-08 (1913).

Plaintiff's argument that the move from her Georgia residence to the storage facility in Georgia should be treated as a separate intrastate transaction which would not fall under the purview of the Carmack Amendment, is unpersuasive. If a part of the commerce is interstate, the Carmack Amendment applies to the entire transaction. *Green v. All Star Moving & Storage, Inc.,* 2000 WL 422339 (D.Kan. Mar. 31, 2000); *Schultz v. Auld*, 848 F.Supp. 1497, 1504 (D.Idaho 1993) (holding that transportation of goods from San Francisco, California to an apartment in Hailey, Idaho, then from the apartment in

Hailey to a storage unit in Hailey, involved interstate commerce even though the goods were damaged in the storage phase of the move which was purely intrastate. Here, plaintiff admits that her intention was to ultimately accomplish a relocation of her household goods from Georgia to Tennessee.

The court finds that plaintiff's state law claims for breach of contract, bailment, and breach of warranty fall squarely within the exclusive ambit of the Carmack Amendment. Plaintiff requested that defendant Atlas, a common motor carrier engaged in transporting goods in interstate commerce, transport her household goods from Georgia to Tennessee. The case law dictates that the statutory federal remedy provided in the Carmack Amendment precludes plaintiff from pursuing her common law claims, and those claims are hereby **DISMISSED with prejudice.**

## B.  Statute of Limitations

Atlas contends that plaintiff's claim under the Carmack Amendment should be dismissed as untimely, as it was filed beyond the contractual two year and one day statute of limitations. The Interstate Commerce Act requires a common carrier, such as Atlas, to issue a receipt or bill of lading for property it receives for transport. 49 U.S.C. § 14706(a)(1). The carrier is then liable to the party entitled to recover under the receipt or bill of lading for any "actual loss or injury to the property." *Id.*

The only statutorily specified limitations relating to the time for filing a claim under § 14706 are restrictions imposed on the parties' authority to contract for time limitations, as set forth in § 14706(e). That section provides:

> A carrier or freight forwarder may not provide by rule, contract, or otherwise, a period of less than 9 months for filing a claim against it under this section and a period of less than 2 years for bringing a civil action against it under this section. The period for bringing a civil action is computed from the date the carrier or freight forwarder gives a person written notice that the carrier or freight forwarder has disallowed any part of the claim specified in the notice.

The Carmack Amendment thus contemplates that limitation periods are terms to be bargained over between shipper and carrier, so long as the minimum conditions of § 14706(e) are met. *See Swift Textiles, inc. v. Watkins Motor Lines, Inc.,* 799 F.2d 697, 704 n. 4 ("The Carmack Amendment on its face contemplates that the choice of a statute of limitation is to lie with the shipper subject to the minimum time limit prescribed by the Act . . . . The Act clearly anticipates statutes of limitations and legislatively approves any limitation period exceeding two years.")

Determining whether plaintiffs' claim under the Carmack Amendment is contractually time-barred therefore requires examination of any bill of lading that may have been issued to plaintiff, as well as the documentation concerning the filing of her claim for damaged goods and the disallowal of that claim by the carrier. The bill of lading in this case states as follows:

> You must file any lawsuit within two years and one day from the date when we give you written notice that we have disallowed your claim or any part of it.

Moreover, the bill of lading referenced and incorporated Atlas' tariff that contains the same limitation. The tariff provision states as follows:

> As a condition precedent to recovery, a claim for any loss or damage injury or delay, must be filed in writing with the carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice.

In a similar case, *State Farm Fire & Cas. Co. v. United Van Lines, Inc.,* 825 F.Supp. 896 (N.D.Cal. 1993), the court found that the Carmack Amendment does not require that a shipper sign the bill of lading. The bill of lading clearly identified the applicable tariff and reproduced the applicable statute of limitations, but neither the shipper nor the carrier signed the bill of lading. The court held that properly published tariffs are binding on both the shipper and the carrier, and that "it is evident that both the limitation period may be established absent any contract, provided it is incorporated in a lawful tariff, and that incorporation of that lawful tariff in a bill of lading will serve to bind the shipper contractually as well, even in the absence of a signature, at least where the shipper is provided a copy of that bill of lading or otherwise put on notice of its terms." *Id.* at 901

Here, the bill of lading references and incorporates the applicable two year and one day limitations period. Plaintiff is bound to the terms of the bill of lading even though she did not sign it, because the Carmack Amendment does not require a shipper to sign the bill of lading to create an enforceable limitations period. *State Farm Fire & Cas. Co.,* 825 F.Supp. at 899 ("It is sufficient if the shipper accepts the carrier's bill of lading

12

without himself signing it. . . ."); *Joseph Harrah v. Minnesota Mining & Mfg. Co.,* 809 F.Supp. 313 (D.N.J. 1992) (holding that consignee that neither was a party to the shipping agreement nor had ever received a copy of the bill of lading was nonetheless legally bound by the provisions of the tariff, since the tariff constituted the contract between the parties to a transaction under the Interstate Commerce Act). Moreover, plaintiff did sign the first bill of lading in 1999 when she shipped her household goods from her residence in Georgia to the storage facility. This first bill of lading contains identical language to the second bill of lading, reproducing the tariff language that binds the shipper to a two year and one day period of limitation within which to bring a civil action. Plaintiff clearly received the first bill of lading and had reasonable notice of the limitations period. It is clear to the court that plaintiff was presented with the second bill of lading because it bears the notation "customer would not sign." Thus, it is disingenious for plaintiff to argue that she did not have "reasonable notice" of the terms in the second bill of lading when she received and signed the first bill of lading, which contains an identical two year and one day limitations period, and was presented with the second bill of lading which she refused to sign.

Having established that plaintiff's claims are governed by the two year and one day limitations period, the record shows that on June 20, 2006, plaintiff submitted a damage claim form to Atlas. On March 20, 2007, Atlas gave written notice to plaintiff that it denied liability for part of plaintiff's claim. Following the March 20, 2007 denial, plaintiff then had two years and one day to file suit against Atlas pursuant to the contractual statute of limitations set forth in the bill of lading. Atlas reaffirmed its March 20, 2007 denial by letter to plaintiff's counsel dated May 27, 2007. Plaintiff did not commence this action until

13

June 26, 2009, which is more than two years and one day after the contractual statute of limitations for plaintiff to bring a civil action against Atlas.  Accordingly, the court finds that plaintiff's Carmack Amendment claim against Atlas is untimely and said claim is hereby **DISMISSED with prejudice.**

## IV.  Motion to Strike

Atlas has moved to strike plaintiff's supplemental response to the motion to dismiss and/or for summary judgment on the grounds that the supplement response does not comply with Local Rule 7.1.  However, subsequent to the filing of the motion, plaintiff moved the court for leave to file the supplemental response, which leave was granted by the court [Doc. 24].  The court notes that Atlas sought leave to supplement its reply to plaintiff's response, which was also granted by the court [Doc. 26].  Therefore, the court finds that plaintiff has properly supplemented her response to the summary judgment motion and defendant has been afforded an opportunity to reply to the supplemented response.  Accordingly, defendant's motion to strike, is **DENIED AS MOOT.**

## V.  Discovery

As an alternative response to Atlas' motion for summary judgment, plaintiff asks for a reasonable opportunity to conduct further discovery.  A plaintiff must be able to show that she could have obtained information through discovery that would disclose material facts.  *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997).  Nebulous assertions that more discovery time would produce evidence to defeat summary judgment

will be unavailing. *Gordon v. Barnes Pumps, Inc.,* 999 F.2d 133, 138 (6th Cir. 1993). Plaintiff has failed to indicate what information she could gain through discovery to identify a material issue of fact with respect to the motion for summary judgment. Accordingly, plaintiff's motion for additional time to conduct discovery is **DENIED.**

### VI.  Conclusion

For the reasons previously stated, plaintiff's motion to amend complaint [Doc. 16] is **GRANTED;** defendant Atlas Van Lines' motion for summary judgment [Doc. 10] is **GRANTED**, whereby Atlas Van Lines is **DISMISSED** as a defendant in this action**;** and defendant Atlas Van Lines' motion to strike plaintiff's supplemental response to the motion to dismiss and/or for summary judgment [Doc. 19] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge